UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 2:09-00113-3

JAMES KENNETH WHITE


## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On March 11, 2020, the United States of America appeared by Negar M. Kordestani, Assistant United States Attorney, and the defendant, James Kenneth White, appeared in person and by his counsel, Michael D. Payne, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer M. Dylan Shaffer.  The defendant commenced an eight-year term of supervised release in this action on May 15, 2018, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on January 29, 2010.

The court heard the admissions of the defendant and the representations and argument of counsel

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant on July 28, 2019, traveled outside of his district, being the Western District of North Carolina where he commenced his term of supervised release on May 15, 2018, to Charleston, West Virginia, without permission from the court or his supervising probation officer; (2) the defendant was instructed by his supervising probation officer to report to the probation office in the Western District of North Carolina on June 12 and August 1, 2019, which he failed to do; (3) the defendant failed to notify his probation officer that he was terminated from his employment on July 13, 2019, and failed to obtain employment since being terminated from his job; (4) the defendant used and possessed a controlled substance as evidenced by positive urine specimens submitted by him on May 30 and July 22, 2019, for cocaine; (5) the defendant was instructed by his supervising probation officer to participate in outpatient substance abuse treatment at the McLeod Center, located in Charlotte, North Carolina, but failed to report for his orientation on August 1, 2019, and has not attended any

2

substance abuse treatment sessions as instructed; (6) the defendant failed to submit a urine screen as instructed by his supervising probation officer, on each June 12, June 28, July 1, July 31, and August 6, 2019; all of the foregoing as set forth in the petition on supervised release and amendment thereto and admitted by the defendant; and (7) it was agreed by the defendant that the government has sufficient proof to prove by a preponderance of the evidence that on January 17, 2020, the defendant was asked by an employee to leave the Par Mar convenience store located at 1503 Washington Street, East, in Charleston, West Virginia, due to previously being banned for shoplifting, and he complied therewith but later returned and engaged in an altercation with the employee and bit the employee with his teeth on the leg, a battery causing minor injuries.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHT (8) MONTHS, to be followed by a seven (7) year term of supervised release upon the same terms and standard conditions as heretofore, as well as the special condition that he participate in and successfully complete a six or nine to twelve month program at Recovery "U" or comparable program as directed by the probation officer.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: March 13, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge